POWELL v. CITY OF LOUISVILLE et al.

(Circuit Court of Appeals, Seventh Circuit. August 1, 1905.)

No. 1,162.

CANCELLATION OF INSTRUMENTS—EQUITY—JURISDICTION—SUIT FOR LEGAL RELIEF.

A suit by the sole owner of water fund certificates, issued by a village under statutory authority and secured by a trust deed on a waterworks plant, for the cancellation of such deed and the recovery of the amount of the certificates from the village on the ground of fraudulent misrepresentations as to the value of the security, is not within the jurisdiction of equity, being essentially an action to recover for false representations or for money had and received, and cognizable at law.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Cancellation of Instruments, §§ 11, 12, 16.]

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

The facts are stated in the opinion.

R. H. McAnulty, for appellant.

Logan Hay and B. D. Monroe, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion:

The suit, in the Circuit Court, was a bill in equity by appellant, a citizen of Vermont, against the village of Louisville, in the State of Illinois, and the American Trust & Savings Bank, a corporation of Illinois; and the decree appealed from dismissed the bill for want of equitable jurisdiction.

The bill, in substance, avers that the village of Louisville, acting under and by virtue of a statute of Illinois, authorizing cities, towns and villages in Illinois, to build, purchase, and extend water works systems, issued thirty water fund certificates, aggregating ten thousand dollars, bearing interest at the rate of six per cent.; that in accordance with authority to secure the payment of these certificates, the village executed a trust deed upon the water works system·thus created, and the lot upon which the water station was built, together with all incomes and profits thereof—the American Trust & Savings Bank being the trustee therein; that the appellant, relying upon the representations and recitals of such certificates, purchased them for value, and is now the holder and.owner thereof; that the certificates, on their face, recite that they were issued to defray the cost of constructing a water works system; that in truth and fact the water works plant cost only ·fifty-five hundred dollars, the balance of the avails of the certificates being used in the construction, in connection with the water works plant, of an electric light plant at a cost of about sixty-five hundred dollars; that the electric light and water plant have been operated together, no separate fund having been kept of the profits of either; that the water works plant practically was without value, the revenue therefrom being insufficient to pay its operating expenses; but that the electric lighting sold to the citizens pays, almost, if not entirely, the cost of operating both plants—the village get-

ting the benefit of the lighting of twenty-five to thirty arc lights in its public streets, without paying anything therefor.

The bill avers, further, that "through its said water fund certificates and said trust deed," the village of Louisville fraudulently misrepresented the cost price of the water works plant—ten thousand dollars, instead of the fifty-five hundred dollars actually expended—and that in disregard of the statute, giving authority to create municipal water works, the village has failed to keep a separate fund of the profits arising from the operation of the water works. The bill prays that the American Trust & Savings Bank be ordered to deliver up, for cancellation, the trust deed; that the trust deed be declared null and void; and that it be ordered and declared that the village, "by reason of the fraudulent representations aforesaid," pay over to appellant the sum of ten thousand dollars, together with interest; and for other relief.

The village of Louisville answered, admitting the execution of the certificates, the purpose of their execution, the use made of the money obtained thereon, and the securing of the certificates by mortgage as alleged in the bill. The answer averred, further, that the certificates were delivered to the contractors in full payment for the water works and electric light plants; and, after denying that the cost of the water works system was fraudulently misrepresented to appellant, sets forth that the taxable property of the village, at the time the certificates were issued, did not exceed forty thousand, six hundred and seventy-seven dollars—the village being then indebted in a large amount in excess of the constitutional five per cent. on this taxable property.

There was considerable discussion at bar, and in the briefs, of whether the issuance of the certificates, considering the constitutional limitation of indebtedness being limited to five per cent. was null and void; of whether the village was estopped, by the recitals of the certificate, from setting up want of authority for this issuance; of whether the certificates were negotiable instruments within the doctrine that their recitals constituted an estoppel; of whether, considering the alleged fraudulent misrepresentation as a tort by its officers, the village was liable therefor; and other questions going to the merits. But in the conclusion to which we have come, none of these questions need to be decided.

As a general rule, courts of equity have concurrent jurisdiction with courts of law, to grant relief in cases of fraud, where the remedy at law would not be adequate. Were the purpose of this bill to give the appellant recourse upon the property into which his money has gone, and for that purpose bring in the American Trust & Savings Bank, as a necessary party to the decree, the suit might lie in equity. But such is not the purpose of the suit, or the effect of the suit growing out of the averments of the bill. The suit is not an effort equitably to sequester the property created by appellant's money, devoting it to the repayment of appellant's outlay. The suit in effect is a bill in chancery to recover damages for false representation; or perhaps more exactly fitting the purpose of the suit, to recover as in an action at law, moneys had and received.

We do not see how, on the facts stated, appellant is entitled to recover of the village, in any kind of action, a gross money sum equaling the

141 F.—61

amount of his advances independently of the property into which the advances went. But assuming arguendo that such an action would lie, it does not appear to us that his remedy is by a bill in equity. No ground for equitable intervention is shown. The presence of the American Trust & Savings Bank, and its interest as trustee in the trust deed, might furnish equitable ground, were some of the certificates constituting the matter of the trust, held by persons other than the appellant. But the bill shows that appellant is the sole holder of these certificates, and therefore the sole cestui que trust. A tender by him of the certificate would be a tender of the sole outstanding interest under the trust deed; and we see no reason, under circumstances such as this, why the appellant might not, in an action at law, offer a cancellation of the trust deed and certificates—with perhaps whatever compensation might be due to the trustee, for acting as such trustee—as a condition to an action at law for whatever remedy, in the way of a money judgment, he may show himself to be entitled to. Thus there is no need to go in equity, to remove the interests growing out of the trust deed, as a preliminary step to an action at law.

The decree of the Circuit Court dismissing the bill for want of equitable jurisdiction, is not erroneous, and is affirmed.